IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH GOSSER and CHARLES GOSSER, )<br>)<br>)<br>Plaintiffs, )<br>v. )<br>)<br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, a corporation, and STEVEN K. PORTER, )<br>)<br>)<br>Defendants. )<br>) | Case No. 07 CV 00672<br><br>Judge Virginia M. Kendall<br><br>Magistrate Judge Morton Denlow |

## MEMORANDUM OPINION AND ORDER

Elizabeth Gosser and Charles Gosser ("the Gossers")[1] bring a Motion to Vacate an arbitration award entered by a panel before NASD-Dispute Resolution, Inc.[2] Merrill Lynch, Pierce, Fenner & Smith Incorporated and Steven K. Porter ("Defendants") filed a Motion to Dismiss Plaintiffs' Motion to Vacate under Fed. R. Civ. P. 12(b)(6) and 9 U.S.C. § 9. For the reasons stated herein, the Gossers' Motion to Vacate is dismissed with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about July 24, 2000, the Gossers filed a Statement of Claim against the Defendants.

---

[1] The caption of the Complaint/Motion to Vacate fails to reflect that Charles Gosser, who is listed as a Plaintiff herein, died on or about August 2005 and Elizabeth Gosser's Complaint does not allege that she has standing to assert claims on Charles Gosser's behalf. Even if the caption was corrected and Elizabeth Gosser alleged that she has standing to bring a claim on her deceased's husband's behalf, this Court's decision regarding jurisdiction and the applicable statute of limitation would not be impacted.

[2] Assigned NASD-DR Case No. 00-03131.

1

NASD-DR Award, 1. The causes of action related to the recommendation and purchase of various unspecified securities. *Id.* at 2. Specifically, the Gossers alleged that the Defendants recommended high commission unsuitable products, causing the Gossers to suffer substantial penalties for loans and withdrawals. *Id.* On December 20, 2006, the NASD-DR panel ("Panel") entered an award after considering the pleadings, testimony, and evidence presented at the pre-hearings and hearings that took place before the Panel. *Id.* at 6. The Panel (1) denied and dismissed each one of the Gossers' claims with prejudice; (2) withdrew the counterclaim of the Defendants with prejudice; (3) recommended expungement of all reference to the arbitration from Defendant Steven K. Porter's registration records maintained by the NASD Central Registration Depository; (4) ordered that other than forum fees, the parties would each bear their own costs and expenses incurred in the matter; and (5) denied with prejudice any relief not specifically enumerated in the award, including punitive damages and attorneys' fees. *Id.* at 6-7. The Panel then assessed fees against the Gossers and Defendants. The Panel found that Defendants were entitled to a refund in the amount of $1,850.00,[3] and the Panel assessed forum fees jointly and severally to the Gossers in the amount of $13,200.00. *Id.* at 8-9.

On February 2, 2007, Elizabeth Gosser filed a Motion to Vacate the Arbitration Award in the Northern District of Illinois, sought leave to proceed in forma pauperis, and requested appointment of counsel . Dk. Nos. 1, 3-4. On March 8, 2007, this Court granted Gosser's application for leave to proceed in forma pauperis but ordered her to pay a reduced filing fee of $100. Dk. No. 5. The Court denied Gosser's motion to appoint counsel without prejudice allowing

---

[3]The Defendants paid $11,450.00 and were assessed fees in the amount of $9,600.00, which resulted in their refund.

her to renew her request should later developments so warrant. *Id*. This Court further ordered the Clerk of the Court to prepare and issue summons for service to be effectuated by the U.S. Marshals Service. *Id*. Summons was returned executed on March 26, 2007. Dk. Nos. 8-9. Defendants appeared and immediately moved to dismiss Gosser's Complaint on April 16, 2007. Dk. No. 12. The Court set a briefing schedule and appointed James K. Hortsman to serve as Gosser's counsel. Dk. No. 14. Gosser's response was due to be filed on May 29, 2007. *Id.*

On May 17, 2007, James K. Horstman moved for leave to withdraw as counsel on the basis that he felt that the case had no merit and that he could not present a legal response to the pending motion to dismiss and that his client did not agree with him. The Court granted counsel's motion to withdraw based on this irreconcilable difference and reset the briefing schedule to allow Gosser more time to file a response. Gosser failed to respond by the due date of June 14, 2007. Instead, she moved for an extension on June 27, 2007, thirteen days after the deadline. Dk. No. 19. On July 3, 2007, this Court granted Gosser's request and set a new deadline of July 17, 2007. Dk. No. 20. On July 16, 2007, Gosser moved for another extension. Dk. No. 22. Again, the Court allowed Gosser more time and set a final due date of August 2, 2007. Dk. No. 21. Gosser missed that deadline and instead sent letters to the Court dated August 14, 2007 and August 24, 2007. Although Gosser's letters were sent twelve days after the Court's final deadline and do not constitute a formal response, this Court will construe the letters as Gosser's Response.[4] Dk. Nos. 23-24.

---

[4] Gosser continuously failed to respond to the Defendants' Motion to Dismiss, despite being given numerous opportunities by the court. The court allowed Gosser four separate opportunities to respond to the Defendants' Motion to Dismiss. Despite Gosser's continuous failure to prosecute the case against the Defendants, this case is not being dismissed for want of prosecution. *See* Fed. R. Civ. P. 41(b). Gosser was, however, given multiple extensions by the court, and given a clear final extension by the court. *See Aura Lamp & Lighting, Inc. V. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760

3

On August 14, 2007, Gosser wrote that she felt as though she did not have a fair and unprejudiced hearing, and that her attorney appeared to be incompetent. Gosser's August 14, 2007, Letter. Gosser also stated that she wanted the award to be vacated, because attorneys she approached to handle her case would not agree to represent her unless the award was vacated. *Id.* On August 27, 2007, Gosser wrote an additional letter to the court, stating that she could not afford to hire another attorney, and that Defendants acted in a corrupt manner. Dk. #23; Gosser's August 27, 2007, Letter.

## STANDARD

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a Motion to Dismiss, Gosser is required to set forth a legal basis for her Motion to Vacate the arbitration award under 9 U.S.C. § 10(a).

## DISCUSSION

Gosser seeks to vacate an arbitration decision pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. It is well established that § 10 of the FAA does not constitute a grant of subject matter jurisdiction. *Minor v. Prudential Sec.*, 94 F.3d 1103, 1104-5 (7th Cir. 1996). There must be an independent basis of federal jurisdiction before a district court can entertain a motion to vacate under that section. *See Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 883-84 (9th Cir. 1993); *Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 257 (6th Cir. 1994); *Harry*

---

(7th Cir. 1993)).

4

*Hoffman Printing v. Graphic Communications Local,* 261, 912 F.2d 608, 611 (2d Cir. 1990); *Giangrande v. Shearson Lehman/E.F. Hutton*, 803 F. Supp. 464, 466 (D. Mass. 1992). The petitioning party must demonstrate that diversity or federal question jurisdiction exists. This follows from several Supreme Court cases, which have explained:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise . . . . There must be diversity of citizenship or some other independent basis for federal jurisdiction . . . [for] enforcement of the Act is left in large part to the state courts.

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983) (internal citations omitted); *see also Southland Corp. v. Keating*, 465 U.S. 1, 15 n. 9, 79 L. Ed. 2d 1, 104 S. Ct. 852 (1984) ("While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal question jurisdiction. . . ."); *See also Moses*, 460 U.S. 1, 25 n. 32. Thus, the fact that Gosser assumably relies on the standards of review set forth in §10 of the FAA to bring her motion to vacate is insufficient to establish federal court jurisdiction. Federal question jurisdiction arises only when the complaint standing alone "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983); *see also Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28, 39 L. Ed. 2d 209, 94 S. Ct. 1002 (1974) (federal question "must be disclosed upon the face of the complaint, unaided by the answer"). Looking to the face of Gosser's Complaint/Motion to Vacate, Gossers' motion essentially alleges a claim of fraud in the arbitration process. Even construing Gosser's *pro se* Complaint/Motion liberally, *see Donald v. Cook County*

*Sheriff's Dep't*, 95 F.3d 548, 555 (1996), Gosser's motion to vacate on the grounds of fraud, corruption, undue means, evident partiality, and failure to consider pertinent and material evidence, does not require the resolution of any federal issue, let alone a "substantial question of federal law." In other words, in addressing Gossers' motion, this Court would not be called upon to decide any issue of federal law. Moreover, Gosser cannot establish diversity jurisdiction which requires that a dispute exist between citizens of different states and involve more than $75,000 in controversy. 28 U.S.C. §§ 1331, 1332. Gosser and Defendant Steven Porter are citizens of the State of Illinois.[5] Cplt. at 1; Ex. C, Affidavit of Steven Porter, ¶ 3. Furthermore, Gosser's Motion does not set forth the amount in controversy.

Defendants have attached the Arbitrator's Award as Exhibit A to their Motion to Dismiss. From the case summary, it appears that Gosser may have raised issues under the Federal Securities Act in the underlying dispute in arbitration. However, Gosser is still required to set forth a federal question or diversity of citizenship as grounds for this Court's jurisdiction in order for it to rule on her Motion to Vacate. Similar to the plaintiff in *Minor*, Gosser has essentially come to district court only with a claim of fraud, which is generally entrusted to state court unless the parties are diverse. *Minor*, 94 F.3d at 1105. "Thus our approach is consistent with the normal state of the jurisdictional universe." *Id*. If Gosser's motion to vacate somehow involved the resolution of her federal claims or some question of federal law, then under the preceding analysis this Court would have jurisdiction. Gosser failed to raise any federal question before this Court and failed to establish diversity jurisdiction, and therefore, this Court lacks subject matter jurisdiction over the motion to

---

[5] In fact, the Summons shows that service was had on Defendants Merrill Lynch and Porter by serving Porter's workplace in Northbrook, Illinois.

vacate.

Additionally, under the FAA, if a party fails to move to vacate an arbitration award it forfeits the right to oppose confirmation (enforcement) of the award if sought later by the other party. *Chauffeurs, Teamsters, Warehousemen & Helpers v. Jefferson Trucking Co.*, 628 F.2d 1023, 1027 (7th Cir. 1980); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986); *Florasynth v. Pickholz*, 750 F.2d 171, 174-77 (2d Cir. 1984); Ian R. Macneil, Richard E. Speidel & Thomas J. Stipanowich, Federal Arbitration Law § 38.3.3.2 (1994). A party has only three months to mount a judicial challenged to an arbitration award under the FAA, 9 U.S.C. §§ 1, 12. *Lander Co. v. MMP Invs.*, 107 F.3d 476, 478 (7th Cir. 1997). "Its failure to do so has unavoidable consequences." *International Union of Operating Eng'rs, Local No. 841 v. Murphy Co.*, 82 F.3d 185, 188 (7th Cir. 1996). Under § 12:

> Notice of a motion to vacate, modify, or correct an award *must be served* upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court. For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

9 U.S.C. § 12 (emphasis added). The NASD Dispute Resolution Award is dated December 20, 2006. The Defendants were served on March 26, 2007, after the time permitted for served expired. *Pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines. *Borop v. Toluca Pac. Sec. Corp.*, 1997 U.S. Distr. LEXIS 20518 at *2 (N.D. Ill. 1997). Gosser failed to successfully challenge the arbitration award within the requisite 90-day

7

limitation period. Therefore, the award is now final. *International Union of Operating Engineers, Local 150 v. Centor Contractors, Inc.*, 831 F.2d 1309, 1311 (7th Cir. 1987); *Sullivan v. Lemoncello*, 36 F.3d 676, 681 (7th Cir. 1994).

## **CONCLUSION AND ORDER**

Gosser's complaint is dismissed with prejudice.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date:   December 13, 2007